IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRANCE D. GODFREY,

    **Plaintiff,**

    v.                                                         CASE NO. 19-3001-SAC

JOE NORWOOD, et al.,

    **Defendants.**

## ORDER TO SHOW CAUSE

Plaintiff Terrance D. Godfrey, a prisoner confined in the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and Applications to Proceed In Forma Pauperis. The Court granted the motions for leave to proceed *in forma pauperis* on January 16, 2019. (Doc. 9.) After further review, it appears that Plaintiff has at least "three strikes" under 28 U.S.C. § 1915(g). Therefore, the Court vacates the Order granting *in forma pauperis* status, and will allow Plaintiff an opportunity to show cause why the dismissals of his prior lawsuits should not prevent him from proceeding *in forma pauperis* in this action.

A provision of the Prison Litigation Reform Act of 1995 operates "to revoke, with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." *Skinner v. Switzer*, 562 U.S. 521, 535 (2011) (citing 28 U.S.C. §1915(g)). The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.

28 U.S.C. § 1915(g).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See Godfrey v. Danville Correctional Center*, Case No. 98-cv-2097-MPM-DGB (C.D. Ill. May 27, 1999) (Doc. 61); *Godfrey v. Spencer*, Case No. 99-cv-1127-JBM-JAG (C.D. Ill. Sept. 18, 2000) (Doc. 44) (finding that dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g) and noting that Plaintiff has earned more than "three strikes"); *Godfrey v. Spencer*, Case No. 99-cv-1171-JBM-JAG (C.D. Ill. March 6, 2000) (Doc. 17) (finding case frivolous, counting dismissal as a strike, and noting that plaintiff has earned three strikes). Accordingly, Plaintiff may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *Id*. (quoting *Hafed*, 635 F.3d at 1180). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm

2

do not suffice." *Id*. (citations omitted).

Plaintiff alleges a denial of his right to private legal calls with his attorney and a failure to protect him from sexual harassment by staff. Plaintiff takes issue with a "no female contact" rule regarding his assigned nursing staff and alleges sexual harassment by his assigned male nurse. Plaintiff alleges that Nurse Glen touched Plaintiff on his right thigh and right arm/shoulder without Plaintiff's approval. (Doc. 6, at 9.) Plaintiff makes bald allegations that staff are "harassing, torturing, retaliating, abusing and humiliating" him, without any specific factual allegations. (Doc. 6, at 8.) Plaintiff seeks monetary damages. (Doc. 6, at 14.) Plaintiff fails to show that he is in imminent danger of serious physical injury. His claims are conclusory and fail to contain "specific, credible allegations of imminent danger of serious physical harm."

The Court will give Plaintiff an opportunity to show cause in writing why the dismissals of his prior lawsuits as set forth above, do not preclude his *in forma pauperis* status under § 1915(g). Plaintiff's response to this Order must be filed by June 17, 2019. Alternatively, Plaintiff may submit the $400 filing fee by that date.

**IT IS THEREFORE ORDERED BY THE COURT** that the previous Order granting Plaintiff leave to proceed *in forma pauperis* (Doc. 9) is **vacated and set aside**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 17, 2019,** in which to either (1) show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why the dismissals of his prior actions or appeals do not preclude his *in forma pauperis* status under § 1915(g); or (2) pay the $400 filing fee.

**IT IS FURTHER ORDERED** that if Plaintiff fails to either pay the $400.00 filing fee **or** file a response to this Order to Show Cause by **June 17, 2019,** this action will be dismissed without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 3) is **denied without prejudice** to renewal if Plaintiff pays the filing fee.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 31st day of May, 2019.**

<div style="margin-left:2em">

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**

</div>