# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TERRANCE D. GODFREY,

        **Plaintiff,**

        **v.**                                       **CASE NO. 19-3001-SAC**

JOE NORWOOD, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Terrance D. Godfrey, a prisoner confined in the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court entered an Order to Show Cause (Doc. 11) granting Plaintiff until June 17, 2019, to show good cause why the dismissals of his prior lawsuits should not prevent him from proceeding *in forma pauperis* in this action. The Court noted that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).

A provision of the Prison Litigation Reform Act of 1995 operates "to revoke, with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." *Skinner v. Switzer*, 562 U.S. 521, 535 (2011) (citing 28 U.S.C. §1915(g)). The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff filed a Response (Doc. 12) which fails to show good cause why Plaintiff is not subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Plaintiff argues that a "strike" should only be assessed if the entire case is dismissed as frivolous or for failure to state a claim, not when only one of several claims is dismissed. (Doc. 12, at 2.) The Court agrees, but Plaintiff fails to show that any of the cases assessing him strikes involved dismissal of less than all of the claims involved. Plaintiff also suggests that some of his cases were reversed and remanded. However, he does not dispute the cases cited by the Court as strikes. *See Godfrey v. Danville Corr. Ctr.*, Case No. 98-cv-2097-MPM-DGB (C.D. Ill. May 27, 1999) (Doc. 61) (stating that plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted, and that "this dismissal counts as a strike against the pla[intiff] under the 'three strikes' provision of 28 U.S.C. 1915(g)"); *Godfrey v. Spencer*, Case No. 99-cv-1127-JBM-JAG (C.D. Ill. Sept. 18, 2000) (Doc. 44) (finding that dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g) and noting that Plaintiff has earned more than "three strikes"); *Godfrey v. Spencer*, Case No. 99-cv-1171-JBM-JAG (C.D. Ill. March 6, 2000) (Doc. 17) (finding case frivolous, counting dismissal as a strike, and noting that plaintiff has earned three strikes). Plaintiff did not appeal Case No. 99-cv-1127; the appeal in Case No. 98-cv-2097 was dismissed on May 5, 2000; and the appeal in Case No. 99-cv-1171 was dismissed on July 28, 2000.

Plaintiff also argues that he meets the only exception to the three strikes provision because he is in imminent danger of serious physical injury. Plaintiff takes issue with being placed on a "no female contact" status with regard to medical staff. (Doc. 12, at 7.) Plaintiff alleges that he is in danger of "committing self-harm, suicide attempts, mental health issues." (Doc. 12, at 3.) Plaintiff alleges that he is being denied adequate mental health treatment and

pain medication. Plaintiff alleges that he was sexually harassed by Nurse Glen, who allegedly touched Plaintiff's right thigh and right arm/shoulder "without the Plaintiff's approval." (Doc. 12, at 4.) Plaintiff alleges that he is being denied treatment by female nurses and denied private legal calls to his attorneys, and he is being harassed and retaliated against by staff. Plaintiff alleges Defendants are causing him to suffer from stress, migraines, loss of weight, mental deterioration and depression. (Doc. 12, at 6.)

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *Id.* (quoting *Hafed*, 635 F.3d at 1180). "Vague and utterly conclusory assertions are insufficient." *Id.*

The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id.* (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted). "[A]llegations of past misconduct of defendants and even of past injury to plaintiff are insufficient to allow a three-striker to proceed IFP." *Id.*

(citation omitted). "[E]ven specific examples of being denied health care in the past are not sufficient to satisfy the imminent danger exception under § 1915(g)." *Id.* at *3. (citation omitted). The allegations of imminent physical danger must be plausible and credible. *Id.* (citations omitted).

Plaintiff alleges a denial of his right to private legal calls with his attorney and a failure to protect him from sexual harassment by staff. Plaintiff takes issue with a "no female contact" rule regarding his assigned nursing staff and alleges sexual harassment by his assigned male nurse. Plaintiff alleges that Nurse Glen touched Plaintiff on his right thigh and right arm/shoulder without Plaintiff's approval. (Doc. 6, at 9.) Plaintiff makes bald allegations that staff are "harassing, torturing, retaliating, abusing and humiliating" him, without any specific factual allegations. (Doc. 6, at 8.) Plaintiff seeks monetary damages. (Doc. 6, at 14.) Plaintiff acknowledges that he is receiving mental health treatment, but he disagrees with the treatment provided and the "no female contact" rule regarding his nursing staff.

"Numerous courts have concluded that where a three-striker inmate's allegations reflect that he has had access to medical care and simply disagrees with the opinions of the medical personnel who have examined him, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g)." *Showalter v. Lee*, No. 7:15CV00106, 2015 WL 1800478, at *3 (W.D. Va. April 16, 2015) (citing *Joyner v. Fish*, No. 7:08CV00359, 2008 WL 2646691 (W.D. Va. July 3, 2008) (imminent danger not demonstrated when plaintiff had been given thorough medical treatment, never been denied doctor visit, and been advised to take medication but disagreed with opinions of medical professionals); *Renoir v. Mullins*, No. 7:06CV00474, 2006 WL 2375624 (W.D. Va. Aug. 15, 2006) (finding disagreement with diagnosis and prescribed treatment is not imminent danger of serious physical harm); *Brown v. Beard*, 492 F. Supp. 2d 474, 478 (E.D. Pa.

June 27, 2007) (prisoner was not in imminent danger when disputing the quality of treatment he was receiving for various medical conditions); *Watley v. Escobar*, No. 4:09CV3003, 2010 WL 1643801 (N.D. Ohio April 22, 2010) (no imminent danger where plaintiff received medical treatment but disagreed with conclusions of medical personnel over pain medication and medical procedures); *James v. Hunter*, No. 08-0729-CG-B, 2009 WL 3052131, at *3 (S.D. Ala. Sept. 18, 2009) (disagreement with medical treatment provided does not satisfy § 1915(g) exception); *Baugh v. Missouri Dep't of Corrections*, No. 4:08CV01517 ERW, 2008 WL 4831783, at *1, n. 1 (E.D. Mo. Nov. 5, 2008) (no imminent danger where plaintiff admitted he was offered treatment for medical conditions but disagreed with offered treatment)).

The court in *Bea v. Watson* noted that "an inmate cannot create the imminent danger so as to escape the three strikes provision of the PLRA. To allow inmates to allege future infliction of self-harm to bypass § 1915(g) would eviscerate Congress' intent to limit the frequency of inmates' frivolous suits." *Bea v. Watson*, No. 7:09-cv-00232, 2009 WL 1764834, at *2 (W.D. Va. June 22, 2009) (citing *Ball v. Allen,* 2007 WL 484547 (S.D. Ala. Feb. 8, 2007); *Muhammad v. McDonough,* 2006 WL 1640128 (M.D. Fla. June 9, 2006); *Wallace v. Cockrell,* 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003)). "[B]y alleging an imminent threat of self-inflicted injury, a prisoner may not sidestep the PLRA "three strike" rule, codified at 28 U.S.C. § 1915(g), which bars *in forma pauperis* prisoner complaints from individuals whose claims have been dismissed as frivolous three times unless the prisoner shows he is 'under imminent danger of serious physical injury.'" *Argetsinger v. Ritter*, No. 08-cv-01990-PAB-KMT, 2009 WL 3201088, at *4 (D. Colo. Sept. 29, 2009) (citing *Bea v. Watson,* 2009 WL 1764834 at *2; *Moxley v. Johnson,* No. 3:05–CV–0038, 2005 WL 1131063, *2 (N.D. Tex. May 6, 2005)).

Plaintiff fails to show that he is in imminent danger of serious physical injury. His claims

are conclusory and fail to contain "specific, credible allegations of imminent danger of serious physical harm." Plaintiff has been provided medical care and his disagreements with medical staff do not meet the imminent danger exception. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $400.00 district court filing fee[1] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions for leave to proceed in forma pauperis (Docs. 2, 7) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 10, 2019,** in which to pay the $400 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 27th day of August, 2019.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**

---

[1] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.